UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA N.,[1] <br>     Plaintiff <br> v. <br> ANDREW M. SAUL, Commissioner of Social Security,[2] <br>     Defendant. | Case No. 2:18-cv-05914-GJS <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Laura N. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 10 and 12] and briefs [Dkt. 16 ("Pl. Br."), Dkt. 21 ("Def. Br.")] addressing disputed issues in the case. The matter is now ready for decision.

---

[1]     In the interest of privacy, this Order uses the first name and the initial of the last name of the non-governmental party in this case.

[2]     Andrew M. Saul, the Commissioner of Social Security, is substituted as defendant for Nancy A. Berryhill. *See* Fed. R. Civ. P. 25(d).

For the reasons discussed below, the Court finds that this matter should be affirmed.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed applications for DIB and SSI in May 2014, alleging disability commencing on March 7, 2013. [Dkt. 15, Administrative Record ("AR") 148-56.] The Social Security Administration denied Plaintiff's applications. [AR 93-97.] On August 17, 2016, a hearing was held before Administrative Law Judge James D. Goodman ("the ALJ"). [AR 14, 35-68.]

On July 17, 2017, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). [AR 14-28.] The ALJ determined that Plaintiff met the insured status requirements for DIB through December 31, 2018. [AR 17.] At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability. [AR 17.] At step two, the ALJ determined that Plaintiff has medically determinable conditions which, in combination, cause more than minimal limitations in Plaintiff's ability to engage in work or work-like activity, as follows: degenerative disc disease of the lumbar spine; right second toe injury with hammertoe deformity, status post-surgical reconstruction of the hammertoe with a resection arthroplasty and revision arthroplasty; degenerative changes of the toes of the right foot; headaches; left middle cerebral artery bifurcation aneurysm; obesity; depressive disorder; and anxiety disorder. [AR 17.] At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations ("the Listings"). [AR 17]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) and is able to perform a full range of simple, repetitive work, but she is limited to standing and walking up to 6 hours cumulatively in an 8-hour workday,

sitting up to 6 hours cumulatively in an 8-hour workday, lifting and carrying up to 20 pounds occasionally and 10 pounds frequently, climbing, balancing, bending, stooping and crawling frequently, performing complex technical work frequently, performing work at level 5 reasoning and level 5 stress on a scale of 1 to 10, exercising concentration and persistence in pace [sic] frequently, and having contact with co-workers and the general public frequently and she is precluded from climbing ropes, ladders and scaffolds. [AR 18.] At step four, the ALJ determined that Plaintiff is unable to perform her past relevant work as a sales clerk and shift manager. [AR 26.] At step five, the ALJ determined that Plaintiff is able to perform other work that exists in significant numbers in the economy, including the representative occupations of garment folder (Dictionary of Occupational Titles ("DOT") No. 789.687-066), marker/labeler (DOT No. 209.587-034), and small parts assembler (DOT No. 706-684-022). [AR 26-27.]

The Appeals Council denied review of the ALJ's decision on May 15, 2018. [AR 1-3.] This action followed.

Plaintiff raises the following issues challenging the ALJ's findings and determination of non-disability:

1. Plaintiff's RFC leads to a finding of disability. [Pl. Br. at 5-7.]
2. The ALJ failed to properly evaluate the opinion of the examining orthopedic surgeon, Dr. Kambiz Hannani. [Pl. Br. at 7-10.]
3. The ALJ failed to properly evaluate the opinion of the examining internist, Dr. Helen Rostamloo. [Pl. Br. at 11-13.]

The Commissioner asserts that the ALJ's decision should be affirmed, or in the alternative, remanded for further administrative proceedings if the Court finds error in the ALJ's decision. [Def. Br. at 7-8.]

/ / /
/ / /
/ / /

## III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV. DISCUSSION

### A. Plaintiff's RFC

Plaintiff contends that the RFC assessed by the ALJ indicates that she is disabled. [Pl. Br. at 5-7.] Specifically, Plaintiff argues that the ALJ's finding that she "may exercise frequent concentration and persistence in pace" should be construed as an ability "to concentrate for up to two-thirds of the day" or an inability "to concentrate for the [ ] one-third of the day," indicating disability. [Pl. Br. at 6-7;

AR 18.] Plaintiff, however, fails to cite any authority for the proposition that a limitation to frequent concentration, persistence and pace bars her from performing all work. Rather, the record shows that substantial evidence supports the ALJ's determination that Plaintiff is not disabled. The ALJ posed a hypothetical to the VE that incorporated Plaintiff's RFC, including the limitation to "frequent concentration and persistence in pace." [AR 319.] The VE responded that such an individual could perform jobs that exist in significant numbers in the economy, including work as a garment folder, marker/labeler, and small parts assembler. [AR 27, 320.] As the ALJ's hypothetical contained all of Plaintiff's limitations found to be credible and supported by substantial evidence, the ALJ properly relied on the VE's opinion to find Plaintiff not disabled. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ could rely on VE testimony when hypothetical contained all limitations the ALJ found credible and supported by substantial evidence); *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989).

Accordingly, reversal is not warranted based on the ALJ's RFC assessment and conclusion that Plaintiff was not disabled.

**B.     Examining Physicians' Opinions**

Plaintiff contends the ALJ erred by failing to properly evaluate the opinions of the examining orthopedic surgeon in Plaintiff's workers' compensation case, Dr. Kambiz Hannani, and the consultative internist, Dr. Helen Rostamloo. [Pl. Br. at 7-10, 11-13; AR 376-422, 621-27, 670-74.]

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *see also* 20 C.F.R. §§ 404.1527, 416.927. In general, a treating physician's opinion is entitled to more weight than an examining physician's opinion and an examining physician's opinion is entitled to

more weight than a nonexamining physician's opinion.[3] *See Lester*, 81 F.3d at 830.

An ALJ must provide clear and convincing reasons supported by substantial evidence to reject the uncontradicted opinion of a treating or examining physician. *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31). Where such an opinion is contradicted, an ALJ may reject it only by stating specific and legitimate reasons supported by substantial evidence. *See Bayliss*, 427 F.3d at 1216; *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). The ALJ can satisfy this standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

The opinions of Dr. Hannani and Dr. Rostamloo were contradicted by the consultative neurologist, Dr. Sarah Maze, who assessed Plaintiff with the ability to perform a range of light-exertion work. [AR 23, 25, 413, 420, 625, 638, 670-74, 983-86, 988-93.] Thus, the ALJ was required to give specific and legitimate reasons supported by substantial evidence for discounting the examining physicians' opinions. *See Carmickle*, 533 F.3d at 1164.

### 1. Dr. Hannani

Dr. Hannani first examined Plaintiff in October 2009 and reported that Plaintiff had a lumbar sprain and right second toe injury with hammertoe deformity, status post right toe surgery. [AR 387.] Plaintiff returned to work in May 2010 and

---

[3] For claims filed on or after March 27, 2017, the opinions of treating physicians are not given deference over non-treating physicians. *See* 20 C.F.R. §§ 404.1520c(a) (providing that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources"), 416.920c(a). Because Plaintiff's claim was filed before March 27, 2017, the medical evidence is evaluated pursuant to the treating physician rule discussed above. *See* 20 C.F.R. §§ 404.1527, 416.927.

continued to work until March 5, 2013, her alleged onset date. [AR 148, 155, 391, 404.] Plaintiff underwent surgeries on her right second toe in March and April 2013. [AR 404, 413.] In January 2014, Dr. Hannani reevaluated Plaintiff. [AR 403-15, 628-40.] Dr. Hannani recommended an MRI of Plaintiff's right foot and additional diagnostic testing and found that Plaintiff should "be limited to no prolonged standing or walking or lifting greater than 15 pounds." [AR 413, 638.] In August 2014, Dr. Hannani determined Plaintiff had reached maximum medical improvement. [AR 420, 625.] Dr. Hannani opined that Plaintiff was not capable of performing her usual and customary duties and was "precluded from prolonged standing and/or walking on uneven ground and utilizing fully closed shoes for greater than four hours in an 8-hour day." [AR 420.]

The ALJ properly accorded "little weight" to Dr. Hannani's opinion, as it was inconsistent with Plaintiff's reported activities of daily living. [AR 24, 413, 420, 625, 6381]; *see Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ's finding that doctor's "restrictions appear to be inconsistent with the level of activity that [plaintiff] engaged in by maintaining a household and raising two young children" was specific and legitimate reason for discounting opinion); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999) (ALJ permissibly rejected treating physician's opinion when it conflicted with aspects of plaintiff's daily living). While Dr. Hannani found that Plaintiff was limited to lifting no more than 15 pounds in January 2014, Plaintiff testified that she was able to lift and carry a 5-gallon bottle of water.[4] [AR 20-21, 62, 413, 638.] Plaintiff also admitted that she could lift and carry 20 pounds and was able to engage in a variety of activities,

---

[4] Five gallons of water weighs approximately 41.7 pounds. *See Trujillo v. Colvin*, No. CV 15-5468-KES, 2016 WL 3453033, at *6, n.5 (C.D. Cal. June 20, 2016) (citing https://www.reference.com/science/much-5-gallons-water-weigh-63e621962c79397e).

7

such as cleaning the house, performing household chores, helping her daughter get ready for school, taking her daughter to school, preparing meals, and shopping. [AR 20-21, 61, 192, 194, 889, 984, 996.] Thus, the conflict between Dr. Hannani's assessment and Plaintiff's admitted activities was a specific and legitimate basis for discounting his opinion. Moreover, Dr. Hannani failed to assess Plaintiff with any lifting restrictions after Plaintiff reached maximum medical improvement in August 2014. [AR 420, 625.] Thus, any asserted error in the ALJ's consideration of Dr. Hannani's January 2014 lifting restriction would not have affected the ALJ's conclusion of nondisability. *See Brown-Hunter*, 806 F.3d at 492.

The ALJ also cited Plaintiff's admitted ability to walk 2 hours daily as a reason for rejecting Dr. Hannani's opinion precluding Plaintiff from prolonged standing and walking (and/or prolonged standing and walking on uneven ground). [AR 21, 62, 192, 413, 420, 625, 638.] However, the Court finds that Dr. Hannani's assessment of Plaintiff's standing and walking ability is actually consistent with the ALJ's RFC assessment that Plaintiff is able to stand and walk 6 hours in an 8-hour workday. [AR 18, 21, 413, 420, 625, 638.] Indeed, numerous courts in this District have found that a physician's opinion that an individual is precluded from prolonged weight-bearing or prolonged standing and walking is not inconsistent with an RFC allowing for standing and/or walking 6 hours in an 8-hour workday. *See George A. v. Berryhill*, No. 5:18-CV-00405-AFM, 2019 WL 1875523, at *3 (C.D. Cal. Apr. 24, 2019) (collecting cases). Thus, any error in the ALJ's consideration of Dr. Hannani's opinion that Plaintiff was unable to engage in prolonged standing and walking was harmless, as the restriction was reasonably incorporated into Plaintiff's RFC. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (requiring the ALJ to provide specific and legitimate reasons to reject the contradicted opinion of an examining physician unless that opinion is reasonably

incorporated into the RFC); *see Brown-Hunter*, 806 F.3d at 492.[5]

### 2. Dr. Rostamloo

Dr. Rostamloo reviewed Plaintiff's medical records and examined Plaintiff in September 2014. [AR 670-74.] After setting forth her findings, Dr. Rostamloo found that Plaintiff could lift and carry 10 pounds occasionally and 5 pounds frequently, push and pull with the right lower extremity occasionally, climb, balance, kneel, and crawl occasionally, and stand and walk 2 hours in an 8-hour workday, but Plaintiff would need to use a cane on the right side if walking more than one block and could not walk on uneven terrain, climb ladders, or work at heights. [AR 673-74.]

The ALJ attributed "little weight" to Dr. Rostamloo's opinion. [AR 25.] Like his rejection of Dr. Hannani's opinion, the ALJ found Dr. Rostamloo's assessment of Plaintiff's functional abilities was inconsistent with Plaintiff's "admitted activities of daily living." [AR 25.] Substantial evidence supported the ALJ's rejection of Dr. Rostamloo's opinion. In particular, Dr. Rostamloo's finding that Plaintiff is limited to a range of sedentary work (i.e., lifting and carrying 5 pounds frequently and 10 pounds occasionally) is inconsistent with her admitted abilities to lift and carry a 5-gallon bottle of water and engage in a variety of other daily activities. [AR 25, 62, 192, 673, 889, 984, 996]; *see Rollins*, 261 F.3d at 856; *Morgan*, 169 F.3d at 601-02.

The ALJ also found that the objective findings from Plaintiff's examination were largely unremarkable, except for limited findings relating to Plaintiff's right foot, lumbar spine and gait. [AR 23, 25, 671-73.] Dr. Rostamloo's report reflects

---

[5] The Court further finds that any error in the ALJ's consideration of Dr. Hannani's opinion regarding Plaintiff's use of closed shoes was harmless, as there is no indication that a closed shoe restriction would have had any significant impact on her ability to perform other work, including the representative jobs identified by the VE. [AR 21, 320 (citing DOT Nos. 789.687-066, 209.587-034, 706-684-022).]

9

normal range of motion in Plaintiff's shoulders, elbows, wrists, hands, hips, knees, and ankles, negative straight leg raising, normal muscle bulk and tone without atrophy, 5/5 strength throughout without focal motor deficits, 40 pound grip strength bilaterally, intact sensation to light touch throughout, good hand coordination, and deep tendon reflexes 1+ and symmetric. [AR 671-73.] The lack of objective clinical findings supports the ALJ's rejection of Dr. Rostamloo's functional assessment. *See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (doctor's opinion properly rejected when treatment notes "provide no basis for the functional restrictions he opined should be imposed on [claimant]"); *Valentine*, 574 F.3d at 692-93 (9th Cir. 2009) (contradiction between physician's opinion and evidence in record constituted specific and legitimate reason for rejecting physician's opinion).

Accordingly, the ALJ's consideration of Dr. Hannani's and Dr. Rostamloo's opinions was supported by substantial evidence.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS ORDERED**.

DATED: August 05, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE